CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 0 6 2013

JULIA C. DUDLEY, CLERK
BY:
  DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| SONNY B. OWENS, | ) | CASE NO. 7:13CV00169 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| SOUTHWEST VIRGINIA REGIONAL | ) | |
| JAIL, ET AL., | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendant(s). | ) | |

Sonny B. Owens, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that after he informed jail officials he should be assigned to a bottom bunk for medical reasons, he fell from the top bunk and was injured. Upon review of the record, the court finds that the action must be summarily dismissed.

I

Owens alleges the following events relevant to his claims. While he was incarcerated at the Southwest Virginia Regional Jail ("the jail"), on October 13, 2012, he "put a request in," stating "my [d]octor records say I['']m not to be on top bunk." Compl. 2. He also told two officers about the problem. On October 17, 2012, Owens fell from the top bunk, hurt his back and hip, and was taken to a local hospital. The doctor who examined Owens said that he "had worsened [his] medical problems." Comp. 2. Owens alleges that he filed grievances to Defendant Estep and Defendant Baker on October 22 and 24, 2012, but did not receive "any help." Compl. 1.

Owens sued the jail, Estep, and Baker under § 1983, asserting that "negligence of the officers den[y]ing a bottom bunk . . . caused" his injuries. Compl. 2. As relief, Owens seeks

compensatory and punitive damages. Owens reports that he is now incarcerated at another jail facility.

## II

The court is required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). To state a cause of action under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988).

The jail, the only defendant Owens has named in this action, is not a "person" subject to suit under § 1983. Preval v. Reno, 203 F.3d 821, 2000 WL 20591, at *1 (4th Cir. Jan. 13, 2000) (unpublished) (quoting Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989)); McCoy v. Chesapeake Correctional Center, 788 F. Supp. 890, 893-94 (E.D. Va. 1992) (finding city jail immune from suit and not a person for purposes of § 1983). Therefore, Owens' claims against the jail must be summarily dismissed without prejudice, pursuant to § 1915A(b)(1), as legally frivolous.

While Baker and Estep, as jail officials, may be sued under § 1983, Owens' allegations fail to state any actionable claim against them. First, he does not allege that either of these individuals had any personal involvement in the decision to maintain Owens' assignment to a top bunk or to give him that assignment in the first place. See Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977) (finding that in a civil action under § 1983, "liability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's

2

constitutional rights). Second, Owens does not allege that he notified either Baker or Estep before his fall that he had a medical reason to be assigned to a bottom bunk. An officer cannot be held liable for failing to alleviate a risky prison condition of which he was not aware. See Farmer v. Brennan, 511 U.S. 825, 835 (1994) (finding that to prove Eighth Amendment claim regarding prison conditions, plaintiff must show official was aware of facts from which one could infer existence of substantial risk of harm and failed to respond reasonably to that risk). Finally, in his own words, Owens states that his injuries resulted from officers' "negligence." Mere negligence by jail officials does not implicate an inmate's constitutional rights. Daniels v. Williams, 474 U.S. 327, 332 (1986).

For the reasons stated, the court finds that Owens fails to allege facts stating any actionable § 1983 claims against the defendants he has named.[1] Accordingly, the court dismisses the action without prejudice, pursuant to § 1915A(b)(1), for failure to state a claim. The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 6th day of May, 2013.

_____
Chief United States District Judge

---

[1] Section 1983 was intended to protect only federal rights guaranteed by federal law and not tort claims for which there are adequate remedies under state law. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). To the extent that Owens may be attempting to raise claims under state law, such claims are not independently actionable under § 1983, and the court declines to exercise supplemental jurisdiction over them in this action. See 28 U.S.C. § 1367(c). The court dismisses any such claims without prejudice.

3